I would ask for three minutes for rebuttal. Okay, just try and watch the clock. Thank you. May it please the court, Doug Beavers for Mr. Mendonsa. This case is not about interpreting the child pornography guidelines. It is about whether an unelected agency can use so-called commentary to change the entire structure of a regulation that was approved by Congress. That regulation is 1B1.3, which unambiguously tells district judges how to evaluate specific offense characteristics all through the guidelines. Under that regulation, it says, unless otherwise specified, base offense level, specific offense characteristics, and cross-references shall be determined on the basis of all acts committed that occurred during the commission of the offense or relevant conduct. After Kaiser, we look only at, in interpreting that, we look only at the text or first of the text of 2G2.2, and it uses the word specific offense characteristics, and it does not specify. The government doesn't even argue that it's specified. It's clearly silent as to whether it's limited to relevant conduct or not. Well, but if we look at B5 in particular, it says, if the defendant engaged in a pattern of activity involving sexual abuse or exploitation, it doesn't say in the course of this particular offense. It just says engaged in, without any limitation as to when he might have done that. So just on the face of that, isn't, at a minimum, a possible reading of that, is that if he ever engaged in such a pattern of activity, isn't it? Well, that would, if you look, it's clearly silent as to whether or not it applies to relevant conduct, and 1B1.3 tells you what to do when it's silent. It's a clear and unambiguous instruction, and it's all through the guideline book. The government points out that once in a while, or sometimes in the guidelines, the specific offense characteristic does say the offense conduct, but it's all through the section. If you look at the section itself, if you look at the guideline, right above it, it describes what, it uses offense characteristics in some sections. If you look at specific offense characteristic 3, it says that if the offense involved distribution for pecuniary gain, there they've used the word offense. But in B, if the defendant distributed in exchange for any valuable consideration, they don't use the word offense. But counsel, following up on Judge Miller's question, if you look at the concept of a pattern of activity, doesn't that itself, that phrase imply a sequence of events over time? It could imply, it implies some sequence, but that relevant conduct, the definition in 1B1.3 covers a huge amount of time. It covers all acts that are related to that. If someone possesses child pornography under 1B1.3, it's all child pornography, not just the offense of conviction. It's all that's related, and if you look at the search warrant cases, persons possessing child pornography, they possess it for years and years and years. It doesn't get stale. That could be 15 years of activity. Well, but counsel, unless I'm missing your point, at least with respect to pattern of activity involving sexual abuse or exploitation of a minor, if we're just looking at possession of child pornography, that would not qualify as a pattern because it has to be a pattern involving sexual abuse or exploitation, which is actual abuse, actual exploitation, not simple possession, correct? Right, but anything related to, in terms of the time period of the child pornography, this, the pattern, it could, it clearly, my later argument is clear that you could, the pattern can be satisfied in two days, two, even maybe twice on the same day, but it has to be some pattern, it has to be some separation, but not, that is implied by that, and so there is some description as to how long that could apply, the word itself, but then if you look at the other words in the guideline, they also, distributed could theoretically be one moment, one distribution, but in the regular, an ordinary drug case distribution, it's many, many distributions. It's not different than pattern distribution. A person distributes drugs once and then goes across the street and distributes it again. It's a few minutes later. That's the same thing. Counsel, if I may, just turning to the pattern of activity here, doesn't your interpretation render this important add-on a practical nullity? Because what you'd have to have is both possession of child pornography or distribution of child pornography, and essentially simultaneously, perhaps there's a space in between, but basically simultaneously, actual sexual abuse. Not absolutely simultaneously. The guideline 1B1.3 includes relevant conduct, any conduct which is related or resulted from or happened during the offense of conviction. During the commission of the offense of conviction for possession of child pornography, in the normal case, it's over several years. It is, in the normal case, it applies to a long period of time, and it is quite reasonable that the enhancement would only apply to people who are caught with child pornography and then did something connected to that during that period of time, but it's quite likely to be over a period of time. If you look at the sense of Congress that the government cites, Congress was talking about the belief that possession of child pornography leads to other crimes, and there are many cases where that often happens and that there are some relationship between some type of sexual conduct and the possession of child pornography. I wanted to reserve some time. Reserve some time. Thank you. Mr. Yang. May it please the Court, Roger Yang for the United States. This Court should conclude that the plain language of 2G 2.2b5, the pattern of activity enhancement, does not require that the pattern of activity be related to the offense of conviction, nor does it limit the age of the conduct that can support application of the enhancement. Therefore, this Court should affirm its application to Mr. Mendonca and his sentence. 2G 2.2b5 does not contain any language saying that it has to be during the offense of conviction. That's true, but how do you deal with the argument about 1b1.3? Certainly, Your Honor. So 1b1.1 actually states that there are four categories in the sentencing guidelines. There's the base offense level, there's specific offense characteristics, there's cross references, and then there are special instructions. Congress mandated that this enhancement be added to 2G 2.2, not anywhere else in the offense. So the sentencing commission, given that they only have these four categories, sensibly placed it in specific offense characteristics without the complication of saying that all specific offense characteristics must absolutely be related to the offense of conviction. Then in 1b1.3, the sentencing commission provided the kind of wiggle room, the idea that if a specific offense characteristic specifies that it is going to be outside of relevant conduct in the 1b1.3 sense that it will apply using at the beginning of 1b1.3 unless specified. And this 2G 2.2b5 specifies specifically that the defendant's past conduct will be considered when assessing a defendant and his sentence. And it provides the five-point enhancement mandated by Congress. When you say it provides specifically that you look at past conduct, are you referring to B-5 itself or something else? Yes, Your Honor. If the defendant engaged in a pattern of activity, that is what Congress guided the sentencing commission to add to the sentencing guideline. What do we do? If all we had is that phrase, I think it probably does support your reading. But what about the fact that B-5 is one of a list of, I guess, seven things, some of which say that they're about the offense, some of which don't say it but seem like they really only make sense if they're talking about the offense? So I think the argument on the other side is that the inference should be that this, too, is just about the offense. So what's your answer to that? This was the argument advanced by the government throughout its litigation regarding this guideline. And that is that the beginning of the guideline itself says if the defendant, every other portion of 2G 2.2 says if the offense involved. So if the underlying offense involved or if something happened during the course of the offense. This 2G 2.2 B-5 focuses on the defendant, the defendant as a person. And every other sentencing guideline that enhances sentences based on the defendant's prior convictions, prior conduct, all concentrate on the defendant as a person, which furthers the sentencing purpose of 3553A of concentrating on the specific defendant before you. Even in the cases that accepted this placement theory that is in Chapman and Surratt and Debus, noted that the government's reading of the guideline, if read in isolation, could have this specific interpretation. So, in other words, the plain language of the statute could support the government's interpretation. And then the 1996 amendment made that crystal clear. Mr. Yang, to what extent does the government's position rise or fall on the panel determining whether the provision is ambiguous? The government believes that even if this court were to find the guideline genuinely ambiguous, the 1996 amendment, as well as the case law interpreting and harmonizing the guideline with 1B 1.3 since then, all point that this is a reasonable interpretation. And then also the sentencing commission should be given deference with regard to that interpretation. Let me perhaps restate it. So it's pretty clear if we were to determine that the provision is ambiguous, that the government wins here, because under Kaiser we would defer to the commentary, correct? Yes. My question really is driving at what if we – to what extent is the government claiming that its position is grounded in an unambiguous interpretation of the provision in the government's favor? Because the plain language of the statute does not tie the defendant's past conduct to the offense of conviction. And then logically under the structure of the guidelines, the government has available to it, if there was sexual abuse or exploitation of minors, to charge those offenses. 2G 2.1 was promulgated in 1987. 3A 3.1 and 3.2 were promulgated in 1987 as well. And so the government had available to it all sorts of ways to hold people responsible for sexual abuse and exploitation as a portion of the offense. But Congress's intent in placing this in the Child Pornography Trafficking and Possession Guideline was intended to punish those with hands-on and exploitation conduct in their past who then got caught with only child pornography. And just to be clear, this guideline does not apply to production offenses? There's a separate guideline for that? 2G 2.1, yes. And this guideline also works in harmony with 4B 1.5, which was promulgated later, because 4B 1.5 requires a hands-on or exploitation offense to apply, and it specifically excludes trafficking and possession of child pornography offenses. Mr. Yang, can I just return to the phrase, unless otherwise specified in 1B 1.3? Is there anything that would guide the panel on whether that phrase requires express or can also include an implicit expression by the commission? The cases interpreting these texts and structure of the guidelines with 1B 1.3 have tried to harmonize this by saying if the guidelines language concentrates on a factor such as the defendant or the characteristics of the defendant or the defendant's past conduct, that those are to be harmonized together and read together to specify, essentially, under the unless specified clause that the sentencing judge should concentrate on these characteristics and this past conduct rather than conduct related to the offense. And so part of the statutory construction is to try to harmonize everything, and all the cases that have since Chapman and the 1996 amendment have all stated that in order to harmonize this, you have to basically read it. The argument on the other side on harmonizing the provisions is 1B 1.3 says unless otherwise specified and in Chapter 2 it doesn't specify, it has no temporal specification. Right. And so the argument on the other side would be the way to harmonize it is to say that under 1B 1.3 it has to occur during the commission of the offense. So what's your response? I see that my time is about to expire, but thank you. The government's response is that it does specify. The guideline itself states the defendant had engaged in this prior conduct. That is specific enough to focus the district court on the defendant's characteristic, which is the past conduct, rather than something in the course of conduct during the offense, which applies to all the other portions of 2G 2.5 or 2.2. Thank you. Thank you, Mr. Yang. Mr. Beavers, rebuttal? Yes. I think the clearest way to figure out what otherwise specified means is to look at the rest of the guideline book, particularly 2K 2.1, the gun guidelines, where Part C specifically limits the characteristic to guns cited in the offense of conviction as to the cross-reference, whereas 1B 1.3 would allow it to any relevant conduct, whether it was cited or not. That gun guideline also says that if you possessed a firearm, the offense of conviction, the type of gun, is limited to any relevant conduct, whereas the prior conviction is expressly outside of relevant conduct and previous to it. I think the only – I think with your question as to whether the word pattern could – implies in some way, is a specifically – is otherwise specified. It's not clear enough, and I think if you look at the second argument, where the government is arguing that the pattern applies to two sex crimes committed within maybe an hour or two apart, that's the type – if he had child pornography back at that time, this would have clearly applied. It's – and that's one way that it could be. If they don't like it, they can move it to Section 4B 1.5, which applies to the child pornography production. The congressionally approved guideline that applies to prior offense conduct, 4B 1.5, that – they chose not to put it in there. So it's fairly easy to fix, as they did with the intent – the intended loss guideline that was addressed in IAFA, where they – Congress just moved it. It's not that difficult to move, but I think the big issue is agency deference and whether just using the word pattern or just using the word – whether that implies that the agency then can decide how long it – that it can incorporate 30 years past. That's a big decision. Part 2 shows how big and difficult it is for judges to resolve cases that are outside of relevant conduct. 30 years before, that's difficult, and it should be an issue that should be decided by Congress as to whether or not they tell judges that they have to do that kind of thing in basically every case. Thank you. Thank you very much. We thank both counsel for their helpful arguments, and the case is submitted.
judges: THOMAS, MILLER, Blumenfeld